**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT C. COURBOIN,

    Plaintiff,

v.                                                                           Case No: 8:13-cv-3109-T-30TGW

CANDACE SCOTT, DENISE
WENNOGLE, SCOTT AND DALY,
LLC, CANDACE SCOTT, LLC, JAMES
JENSEN, LAUFER, DALENA,
CADICINA, JENSEN AND BOYD, LLC,
KALMAN A. BARSON, BARSON
GROUP, ARTHUR J. SMITH and
ARTHUR J. SMITH APPRAISALS, LLC,

    Defendants.

---

**ORDER**

THIS CAUSE comes before the Court upon the Defendants Candace Scott, Denise Wennogle, Scott & Daly, LLC, and Candace Scott, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. #10), Plaintiff's Response in Opposition to the Motion (Dkt. #12), Defendants Arthur J. Smith and Arthur J. Smith Appraisals, LLC's Verified Motion to Dismiss and Incorporated Memorandum of Law (Dkt. #9), and Plaintiff's Motion Requesting Reconsideration of Orders (Dkt. #20). Upon review and consideration, the Court concludes that the case should be dismissed in its entirety.

*Background*

Plaintiff Robert C. Courboin sues all of the Defendants for violation of the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §1961, *et. seq*. and the Sherman Act of 1890, 15 U.S.C. §1, *et. seq*. Plaintiff asserts that the Defendants engaged in stealing money from him and from the citizens of New Jersey through their respective legal and appraisal practices. Defendants Candace Scott, Denise Wennogle, Scott & Daly, LLC, and Candace Scott, LLC are attorneys and law firms that represented Mr. Courboin's ex-wife during their dissolution proceedings. Defendants James Jensen and Laufer, Dalena, Candicina, Jensen and Boyd, LLC are the attorney and law firm that represented Mr. Courboin in the same proceedings. Defendants Kalman A. Barson through his company Barson Group and Arthur J. Smith through his company Arthur J. Smith Appraisals, LLC provided appraisal services for marital assets in the dissolution proceedings.

All of the alleged violations of RICO and the Sherman Act occurred in New Jersey and against citizens of New Jersey. At the center of Courboin's allegations is that the Defendants conspired with each other to charge excessive fees for their services, and therefore engaged in corruption. Since the presiding judge in the dissolution proceedings allowed the parties to get away with these actions, and his previous lawsuits in state court have been dismissed, Courboin now attempts to bring these actions in federal court as a "court of last resort." The allegations also focus on the following: the amount of interrogatories he answered in discovery which Courboin considered excessive, dissatisfaction with his attorney's representation, the charges for the appraisal services of

2

the marital home which Courboin considers excessive, and an accusation that the attorneys received a portion of the fees for the appraisal services.

Courboin has filed several lawsuits against numerous parties involved in his dissolution proceedings. His latest attempt was in this district court in the case styled *Courboin v. New Jersey Bar Ass'n*, *et. al.*, Case No.: 12-CV-1020-T-35-TGW. In that case Courboin attempted to sue the New Jersey Bar Association, the members of the Bar Association, the Honorable Judge James M. DeMarzo who presided over the dissolution proceedings and the governor of New Jersey under the same theories he presents in this case. The court dismissed the entire case with prejudice.

*Discussion*

    **I.**    **Motion to Dismiss Standard**

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id*. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 12(b)(6) allows a complaint

3

to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## II. Motions to Dismiss

The Defendants Scott, Wennogle, Scott & Daly, LLC, and Candace Scott, LLC move to dismiss this complaint based on this Court's lack of personal jurisdiction. These Defendants assert that they have no substantial contacts with Florida and the acts alleged in the complaint do not pertain to any acts or omissions in Florida. Further they argue that Florida is an improper venue given that the only connection to Florida is Courboin, who currently resides in Florida. In addition to the aforementioned premises, Arthur J. Smith and Arthur J. Smith Appraisals, LLC (collectively "Smith") move to dismiss the action based on Courboin's failure to state a claim for violation of the RICO statute and the Sherman Act.

## III. Personal Jurisdiction

A court must dismiss an action against a defendant over which it has no personal jurisdiction. *Verizon Trademark Services v. Producers, Inc.,* 810 F. Supp. 2d 1321, 1323 (M.D. Fla. 2011). The determination of whether the Court has personal jurisdiction over a nonresident defendant requires a two-part analysis. *Cable-Home Communication Corp. v. Network Products, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).

First, the Court examines the jurisdictional issue under Florida's long-arm statute. *Id.* This determination is decided under Florida law and is to be strictly construed. *See United Tech. Corp v. Mazer,* 556 F.3d. 1260, 1274 (11th Cir. 2009). Florida's long-arm statute may confer both general and specific jurisdiction. *Consolidated Dev. Corp. v.*

*Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2002).  General jurisdiction is "more difficult" to show and is based on substantial activity unrelated to the cause of action. *Id*. To obtain specific jurisdiction over a nonresident defendant, there must be a showing of "connexity" (i.e., a causal connection) between the defendant's contacts and the cause of action. *See id*.

Second, if the Court finds the long-arm statute is satisfied, then the Court must determine whether sufficient minimum contacts exist between the defendants and the forum state so that jurisdiction over the defendants comports with "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Invoking the Court's jurisdiction over a nonresident defendant is only permitted if the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

If the plaintiff establishes a prima facie case of personal jurisdiction through the allegations of his complaint, the defendant may challenge such allegations through affidavits, shifting the burden back to the plaintiff to prove jurisdiction. *Jet Charter Serv., Inc. v. Coeck*, 907 F.2d 1110, 1112 (11th Cir. 1990). If the defendant sustains his burden, plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits, testimony or documents. *Id*.

Courboin does not establish a prima facie case for personal jurisdiction over any of the Defendants. Defendants Scott, Wennogle, Scott & Daly, LLC, and Candace Scott, LLC

filed declarations in support of their Motion to Dismiss which establishes that none of the Defendants engage in any business activity in Florida, or have any other connection to Florida personally or otherwise.  All of the alleged acts relate to the dissolution proceedings in New Jersey. Therefore, these facts establish that these Defendants do not have sufficient minimum contacts with Florida to allow the Court to have personal jurisdiction over them. Courboin's Response in Opposition to the Motion does not address any of these jurisdictional issues or refute these facts.   Based on the foregoing, the Court concludes that the Court does not have personal jurisdiction over the Defendants Scott, Wennogle, Scott & Daly, LLC, and Candace Scott, LLC.

**IV.    Venue**

Even if jurisdiction existed as to any of the Defendants, Florida is an improper venue for this action. In federal courts, venue is governed by statute. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. 568, 578 (2013). "[T]he venue statutes reflect Congress' intent that venue should always lie in some federal court whenever federal courts have personal jurisdiction over the defendant." *Id*. Where the venue is improper, the court must dismiss the action or transfer the matter to a proper venue under 28 U.S.C. §1404. The decision whether to transfer a case is in the discretion of the court. *Roofing and Sheet Metal Servs. v. La Quinta Motor Inn*, 689 F.2d 982 (11th Cir. 1982).

The complaint does not allege that any of the Defendants reside in Florida. None of the alleged activities that constitute the RICO claim or the violations of the Sherman Act occurred in Florida or have any connection to Florida. The entire point of Courboin's

6

complaint is that the Defendants are victimizing citizens of New Jersey, by taking actions solely in New Jersey state courts. Therefore, venue is improper. The Court will not transfer the venue to the New Jersey District Court since the claims in this case fail to state a cause of action as more fully discussed below.

V.   **Failure to State a Claim**

   a.  **RICO**

This Court concludes that Plaintiff has failed to state a claim for which relief may be granted under RICO. Plaintiff must plead sufficient facts to meet the four elements of a civil RICO claim: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Special Purpose Accounts Receivable Co-op. Corp. v. Prime One Capital Co., LLC*, 202 F.Supp.2d 1339, 1346 (S.D. Fla. 2002) (citing *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)). The phrase "racketeering activity" is defined as including any act which is indictable under a lengthy list of criminal offenses. *Id.*; *see also* 18 U.S.C. § 1961(1).

Courboin has not pled sufficient factual allegations that the Defendants engaged in an enterprise through a pattern of racketeering activity. He references his personal experience with family court as support for the allegation that the Defendants engaged in RICO violations.  Courboin's experience alone does not support a pattern of racketeering activity. Further, his asserted belief that attorneys are working together and in concert with experts to increase their income is without factual support.

Courboin's promise to supply this information through discovery is insufficient at this stage of the proceeding.  To sustain this claim, he must allege well-founded factual

allegations. Without facts to support his allegations, the Court must dismiss Courboin's complaint for failure to state a claim for which relief may be granted under RICO.

### b. The Sherman Act

Section 1 of the Sherman Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1.  "Broadly speaking, irrespective of the type of activity challenged, certain elements must be pleaded and established to prove a violation of section 1: (1) that a conspiracy exists between two or more entities and (2) that the conspiracy unreasonably restrains trade." *JES Properties, Inc. v. USA Equestrian, Inc*., 253 F. Supp. 2d 1273, 1279 (M.D. Fla. 2003).

Section 2 of the Sherman Act is directed against "[e]very person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States ...." 15 U.S.C. § 2. "Broadly speaking, there are three distinct violations actionable under section 2 of the Sherman Act: (1) monopolization; (2) attempt to monopolize; and (3) conspiracy to monopolize."  *JES Properties, Inc.,* 253 F. Supp. 2d at 1283.

The Court concludes that Courboin has not pled allegations that support each of the elements of a violation of either section 1 or section 2 the Sherman Act. Therefore, the Court must dismiss Courboin's complaint for failure to state a claim for which relief may be granted.

### VI. Dismissal as to remaining Defendants

In addition to dismissing the complaint for the aforementioned reasons, the Court dismisses the complaint as to all Defendants. "A district court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987). "While a court generally must provide a plaintiff with notice of its intent to dismiss or an opportunity to respond before dismissing the action *sua sponte*, there is an exception to the general rule against dismissal without notice if the complaint is patently frivolous…." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). The instant complaint is patently frivolous, baseless, vexatious, and harassing and *sua sponte* dismissal is therefore warranted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Candace Scott, Denise Wennogle, Scott & Daly, LLC, and Candace Scott, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. #10) is GRANTED.

2. Defendants Arthur J. Smith and Arthur J. Smith Appraisal's Verified Motion to Dismiss and Incorporated Memorandum of Law (Dkt. # 9) is GRANTED.

3. Plaintiff's Motion Requesting Reconsideration of Orders is DENIED as moot.

4. The case is dismissed as to all parties.

5. The Clerk is directed to deny any pending motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 27th day of February, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2013\13-cv-3109 mtd 9 10.docx